**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

RONGEY JORDAN, :
:
    Petitioner, :
:
v. : CASE NO. 4:08-CV-57 (CDL)
: 28 U.S.C. § 2254
WILLIAM TERRY, Warden. :
:
    Respondent. :

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on July 7, 2008. (R-9). Petitioner was notified of his right to file a response to Respondent's Motion, and filed what has been deemed a response on July 31, 2008. (R-14).

On April 25, 2003, following a jury trial, Petitioner was found guilty of burglary, two counts of armed robbery, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. (R-9, Resp. Ex. 6). Petitioner was sentenced to concurrent life sentences for each count of armed robbery, ten years probation for the burglary, and five years probation each for the firearm possession charges. *Id*.

On March 8, 2006, the Georgia Court of Appeals affirmed Petitioner's convictions and sentence. *See Jordan v. State*, 278 Ga. App. 1126, 628 S.E.2d 221 (2006). On March 6, 2007, Petitioner filed a state habeas petition in the Superior Court of Mitchell County (R-9, Resp. Ex. 2), which, after a hearing, was denied on December 18, 2007 (R-9, Resp. Ex. 3).

Thereafter, on May 5, 2008, Petitioner filed the current application for federal habeas relief.[1] (R-1).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the

---

[1] It appears that Claimant signed and placed his application for habeas corpus relief in the mail on April 29, 2008.

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on March 18, 2006. Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on March 20, 2006, which was the first weekday following the expiration of the time in which to file for a *writ of certiorari,* and ran until the day the Petitioner filed his state habeas petition on March 6, 2007, allowing 351 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. Hence, Petitioner had 14 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on March 11, 2008, and his Motion for Reconsideration on April 11, 2008. Based on the foregoing, then, when Petitioner signed and executed his federal habeas petition on April 29, 2008, which was 18 days after his certificate of probable cause was denied, Petitioner's federal limitations period had expired. His petition was, therefore, 4 days out

4

of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

The Supreme Court has ruled upon the issue of untimely filings, though not directly regarding 28 U.S.C. § 2254 or § 2255 motions. In *Carlisle v. United States*, a petitioner argued that "prohibiting a district court from granting a motion for judgment of acquittal filed one day late will lead to needless appeals and habeas corpus proceedings, where it will be more difficult for defendants to obtain relief than in motions directed to the trial court." 517 U.S. 416, 430, 116 S.Ct. 1460 (1996). The Court stated that "[a]ssuming, *arguendo*, that [Petitioner's] contentions are accurate, we cannot permit them to alter our analysis, for we are not at liberty to ignore the mandate of Rule 29 in order to obtain "optimal" policy results." *Id*. Cf. *United States v. Robinson*, 361 U.S. 220, 229-230, 80 S.Ct. 282, 288-289, 4 L.Ed.2d 259 (1960). The Court was similarly unmoved by Petitioner's argument that the "rationale" behind the time limit regarding Rule 29, did not apply when the "motion for judgment of acquittal is filed a mere eight days after the trial." *Carlisle* 517 U.S. at 430. The Supreme Court held:

> The only evident "rationale" behind Rule 29(c)'s 7-day time limit is that a motion for judgment of acquittal filed eight days after trial is a motion filed one day later than justice and equity demand. As we said in a case involving the filing deadline of the Federal Land Policy and Management Act of 1976, 43 U.S.C. § 1744 (1988 ed.): "If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it."

5

> *United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985).

*Id.* Thus, in *Carlisle* the United States Supreme Court held that the district court did not have the authority to grant the petitioner's untimely motion. The same rationale applies to the case at bar. Regardless of how many days tardy, Petitioner's federal application for writ of habeas corpus was untimely. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Petitioner's § 2254 action be **DISMISSED** as untimely. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 1st Day of August, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw